1  LAURA PERRYMAN
   10401 E. MCDOWELL MTN RANCH RD.
2  SUITE 2335
   SCOTTSDALE, AZ 85255
3  Telephone: (480) 371-7991

4  In Pro Per

FILED ___ LODGED
___ RECEIVED ___ COPY

AUG 2 3 2010

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____P DEPUTY

8  UNITED STATES DISTRICT COURT

9  DISTRICT OF ARIZONA

12  LAURA PERRYMAN

13              Plaintiff,

14  vs.

15  WILLIAM DORMAN, DRAKE
    INTERNATIONAL, INC., DRAKE
16  KRYTERION SERVICES, INC.,
    KRYTERION, INC., DOES 1-50
17
                Defendants.
18

CIV'10 1800 PHX FJM
No. _____

COMPLIANT

**DEMAND FOR JURY TRIAL**

19       Plaintiff individually alleges as follows:

20                **I. INTRODUCTION**

21       1.    The Defendants operate in the County of Maricopa, employing 30 plus direct
22  and independent contractor full time employees across the United States and Canada for the
23  last six years, with revenues far below $2 Million per year, an aggregate operating loss of
24  over $20 Million dollars, at an annual run rate loss of over $5 Million a year. Defendants
25  engaged Plaintiff to create, evaluate and assess strategies to reengineer the Defendants
26  products, processes and procedures to attempt to acquire or keep providing their "online
27  secure testing" products to clients such as Penn State University, Western Governor's
28  University, CMS, Alpine Testing, Salesforce.com, GIAC, and others.

2. Defendant has created software downloadable and server based products which when analyzed by the Plaintiff and other industry experts have been shown to be unsecure (confidential client data is publically accessible) and violate ISO and PCI privacy and data security standards (including ecommerce standards). Clients have easily accessed other client confidential data. The Plaintiff discovered that the Defendant's accounting is conducted in Excel without utilization of a GAAP compliant accounting system and the data source is inaccurate from an open source MySQL database causing misbilling of the clients. Therefore, the Defendant's claim to be an "online secure testing" company is on the face, false advertising to which the Plaintiff advised the Defendants.

3. Further, the Plaintiff discovered that the market pipeline for the sales of the defective products was less than 10% of the numbers being reported to the Board through a forensic investigation into the raw data notes of the sales teams efforts over the last five years. The Plaintiff advise the Defendants that she could not in good faith continue to represent products to the clients that offer no security and non-compliance with standard operations in accounting, customer support, and basic business as well as support board misrepresentations of sales potentials. Defendant willfully and knowingly put efforts in place to stop Plaintiff's efforts to update and modernize the software products in order to provide security, as well as continued to misstate the product features and hide the deficiencies and security breaches from their clients and board.

4. Defendant then retaliated against the Plaintiff in an effort to continue to hide the truth of the severity of the situation from their board and from their clients. The retaliation includes non-payment of wages and overtime, unlawful intellectual property assignment, and slander and libel by managers Eric Walton and Leslie Thomas, including public web postings, emails and even tire slashing and threats by Thomas boyfriend. Defendant Dorman knowingly allow the slander and libel to continue without taking any action to protect damages against the Plaintiff. Further Defendant Dorman perpetuated a scheme to continue to hide the findings of the Plaintiff from the clients and the board and misrepresent the security and well being of the client's data, as well as falsify potential

1  earnings and revenues of future potential business that could be gained to continue a
2  funding situation on wrongful information.

## II. PARTIES AND JURISDICTION

4  5.     Plaintiff Laura Perryman is, and at all times material hereto was a resident of
5  Maricopa County, Arizona.

6  6.     On information and belief, Defendant is a Delaware corporation with its principal
7  place of business at    Pointe Parkway, Suite 250, Phoenix AZ 85014, although all filings
8  in the state of Arizona are listed as revoked according to the Arizona Secretary of State
9  (Exhibit A and B) and at this time there has never been a registration of the company
10 "Kryterion, Inc." whom all paychecks were drawn from.

11 7.     Venue lies within this District pursuant to 28 U.S.C. § 1391(b)-(c) in that defendant
12 the Defendants conduct business in this District; certain acts giving rise to the claims
13 asserted in this Complaint occurred within this District; the actions of Defendants alleged in
14 this Complaint caused damages to the Plaintiff within this District. This Court has subject
15 matter jurisdiction pursuant to 28 U.S.C. § 1331 and 1338(a).  Any and all acts alleged
16 herein arose in Maricopa County, State of Arizona.

## III. DISPUTE

18 8.     Plaintiff Laura Perryman was employed by Defendants at the request of Defendant
19 William Dorman from on or about January 2009 through on or around July 2010.

20 9.     Plaintiff was typically paid an hourly rate prorata, but was not paid for all hours
21 worked or for any overtime hours worked and billed.

22 10.    The Plaintiff rate of $150 was discounted in exchange for timely payments.  At no
23 time did the Plaintiff agree to waive payment for overtime hours. A copy of the latest
24 Agreement is attached in Exhibit A herein.  Once the invoices were not paid promptly, all
25 discounts were rescinded by the Plaintiff and the Defendants were notified in advance.

26 **11.**  Defendant has been invoiced monthly for services, and has willfully refused to pay
27 the Plaintiff for overtime hours worked in excess of 40 per week for work conducted in
28 2010. Further, Plaintiff also worked and documented over 600 hours of un-billed hours in

1  2009, for which the Defendant had wrongfully told the Plaintiff could not be invoiced. Those hours were also worked by the Plaintiff. At no time was there any dispute as to the hours being worked, all work product was acknowledged and hours documented by both parties.

12. Other independent contractors and employees were paid for their overtime at rate up to $180 per hour in the same time periods.

13. By the acts and conduct set forth above, Defendants have willfully and intentionally violated the Fair labor Standards Act 29 U.S.C. § 255.

14. Further, by non-payment of the wages to the Plaintiff, the Defendants are benefiting from IP that the Plaintiff developed without compensation. Therefore, the Plaintiff alleges that the defendants have knowingly and willfully made a false assignment of the Plaintiff's IP and that the Defendants are unjustly enriched from this assignment.

15. Lastly, Defendants have taken no action to stop the libel and slander of their managers against the Plaintiff. This libel and slander and reprimand for the acts themselves are the responsibility of the Defendants to limit and mitigate the damage to the Plaintiff's reputation.

## COUNT I

## RETALIATION

16. All of the preceding paragraphs are incorporated herein by reference.

17. The Defendants retaliated against the Plaintiff after her disclosure of their federal and state violations by withholding wages and overtime in violation of 29 U.S.C. § 1630.12 after she alerted them that she would have to end her engagement due to conflicts regarding ethics of non-disclosure of the concerns listed above.

## COUNT II

## UNLAWFUL ASSIGNMENT

18. All of the preceding paragraphs are incorporated herein by reference.

19. Defendants willingly and knowingly have had the Plaintiff develop new and innovative intellectual property, while planning to offer no additional compensation to the Defendant.

20. During the period from January 1st, 2010 to May 31st, 2010 the Plaintiff's work product was not under any contractual obligation to be freely transferred or assigned to the Defendant. In fact, no specific assignment contract existed. The Defendant and their management team, including their inside legal council plotted and schemed methods and ways to defraud the Plaintiff of compensation for the assignment of rights to intellectual property developed by the Defendant- namely a scalable and innovative approach to Online Proctoring (known as "OLP").

21. As such, the ownership of the Intellectual Property developed during the overtime of the Plaintiff has been unlawfully assigned to the Defendant in violation of 26 U.S.C. § 261.

## COUNT III

## UNPAID WAGES

22. All of the preceding paragraphs are incorporated herein by reference.

23. Plaintiff, in accordance with the Defendant's policy submitted detailed timesheet and invoice reflecting the hours worked on a monthly basis at the Defendants normal hourly rate for similar services.

24. The Defendant has failed to pay the Plaintiff for all of the hours actually worked as reflected and billed for the month of May (paid ½ hours only), with a total still due in the amount of $7,260.

25. The reduction of hours constitutes a failure to pay wages under Arizona Revised Statue §23-355, for which the Plaintiff is entitled to treble damages, or an amount of $21,280.

//

//

//

## COUNT IV

## FAIR LABOR STANDARDS ACT CLAIM FOR OVERTIME PAY

26. Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through X above, as though each of said allegations were fully set further herein.

27. At all times mentioned herein, Defendants employed Plaintiff in and about their place of business and other locations in the State of Arizona and among other duties prepared, transmitted, mailed or received reports, letters, correspondence, invoices, telephone calls, emails, and other communications to and from points outside the State of Arizona and in using the facilities and means of commerce, i.e. the Plaintiff by reason of these and other activities was engaged in commerce within the meaning of the FLSA.

28. During the term of her employment relevant to her claim, Plaintiff was a non-exempt employee pursuant to the FLSA, who worked hours in excess of 40 hours in a week.

29. Throughout the term of the Plaintiff's employment, Defendant willfully violated the provisions of Section 7 of the FLSA (29 U.S.C. § 207) by failing to pay overtime premium wages to Plaintiff for hours she worked in excess of 40 hours in a week for each of the weeks in which she did so work and unlawfully failing to pay the overtime premium wages required by the FLSA.

30. In accordance with the FLSA, Plaintiff is entitled to unpaid overtime wages in an amount in excess of $54,000 for the period of time from January 15th, 2009 through December 31st, 2009 for over 600 hours of overtime logged and documented in 2009.

31. In accordance with the FLSA, Plaintiff is entitled to unpaid overtime wages in an amount in excess of $27,750, which were invoiced and remained unpaid from January, 2010 through March, 2010 at the standard (exhibit A-D)[*].

---

[*] Defendant treated Plaintiff as an employee and uses independent contractors for periods in excess of four years in a full time capacity. The use of independent contractors is the primary way the Defendant hires employees in order to avoid federal and state labor laws and taxation. All supplies and workplace were provided to the Defendant by the Plaintiff. The services were performed for over 18 months under the direction of Defendant (continued...)

32. At all times, the Defendant paid other employees (independent contractors or otherwise) their billed overtime in a timely and efficient manner, including independent contractors of Neudesic, IT People, and a variety of other firms to be detailed through discovery and deposition. Therefore, the decision not to pay the Plaintiff is discriminatory in nature and further supports the retaliation claims made herein.

33. By reason of the willful violations alleged herein, pursuant to Section 16(c) of the FLSA (29 U.S.C. § 216(c)), Defendant has also become liable to the Plaintiff for liquidated damages in an amount equal to the amount of unpaid overtime compensation found by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter a judgment for the Plaintiff as follows:

A. For a punitive damage award for the acts of retaliation of the Defendant.

B. For injunctive relief against the Defendant for the unlawful assignment of the Plaintiff's intellectual property.

C. For a Plaintiff award of her unpaid base wages in the treble amount of $21,280 for the unpaid base hours worked in the month of May, 2010 or an amount that the Court sees fit.

D. For a Plaintiff award of her back pay for unpaid overtime premium wages and liquidated damages under the FLSA against the Defendant, in a total amount in excess of $81,750 according to proof.

E. For a Plaintiff award of pre-judgment and post-judgment interest on the amounts set forth in paragraphs above at the highest rate permitted by law.

---

(...continued)
Dorman. The Plaintiff served in the capacity as a financial and technical advisor, business analyst and project coordinator, and had no direct reports or managerial assignments independent of the requests of Defendant Dorman.

1  F. For the Plaintiff's reasonable attorney's fees and costs in bringing this
2     matter; and
3  G. For such other and further relief as this Court may deem just and proper.
4
5  Dated this 20th day of August 2010.

       _____
                Laura Perryman