**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Perryman, | ) No. CV-10-1800-PHX-FJM |
| Plaintiff, | ) **ORDER** |
| vs. | ) |
| William Dorman, et al., | ) |
| Defendants. | ) |

We have before us defendants' motion to dismiss (doc. 7), plaintiffs' response (doc. 9), and defendants' reply (doc. 12). Plaintiff alleges that she worked for defendant Kryterion Services, Inc. from January, 2009 until July, 2010. Plaintiff alleges that defendants wrongly refused to pay her for hours worked in excess of forty hours per week. Plaintiff also claims that she discovered defendants' accounting system was not secure, and that defendant was misbilling clients. Plaintiff alleges that she advised defendants of the problems, but that they blocked her efforts to update their software and to provide better security. Defendants then allegedly retaliated against plaintiff, through non-payment of wages and overtime, unlawful intellectual property assignment, slander, and libel. Plaintiff asserts four causes of action: (1) retaliation against plaintiff following her disclosure of defendants' withholding of wages and overtime; (2) unlawful assignment of intellectual property; (3) failure to pay plaintiff for all hours actually worked, entitling plaintiff to treble damages, pursuant to the Arizona Wage

1  Act, A.R.S. § 23-355; and (4) failure to pay premium overtime wages, in violation of the Fair
2  Labor Standards Act ("FLSA"), 29 U.S.C. § 207.  To state a claim upon which relief can be
3  granted, plaintiff's complaint must contain "well-pleaded factual allegations," which
4  "plausibly give rise to an entitlement to relief."  Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct.
5  1937, 1950 (2009).

**I**

7  Plaintiff initially asserted a claim for retaliation, but now indicates that she intends to
8  rescind that claim.  Response at 7.  Accordingly, the retaliation claim is dismissed.

**II**

10  Defendants move to dismiss plaintiff's FLSA claim on the grounds that plaintiff has
11  not sufficiently alleged that she was an "employee," as required for coverage by the FLSA
12  Under the FLSA, "'employee' means any individual employed by an employer."  29 U.S.C.
13  § 203(e)(1).  An "employer" "includes any person acting directly or indirectly in the interest
14  of an employer in relation to an employee."  29 U.S.C. § 203(d).  The definition of an
15  employer "is given an expansive interpretation to effectuate the FLSA's broad remedial
16  purposes."  Lambert v. Ackerley, 180 F.3d 997, 1011–12 (9th Cir. 1999).  The determination
17  of whether an employer-employee relationship exists depends upon "the circumstances of
18  the whole activity," and the "touchstone is economic reality."  Boucher v. Shaw, 572 F.3d
19  1087, 1091 (9th Cir. 2009).  "Where an individual exercises control over the nature and
20  structure of the employment relationship, or economic control over the relationship," that
21  individual is an employer and is subject to liability under the FLSA.  Id.

22  Defendants argue that the Professional Services Agreement between plaintiff and
23  defendant Kryterion, Inc. shows that the parties created an independent contractor
24  relationship, not an employee-employer relationship.  Complaint, ex. 1.  This agreement
25  covers the period from June 1, 2010 through September 30, 2010.  Plaintiff alleges that
26  defendants violated the FLSA and the Arizona Wage Act between January, 2009 and July,
27  2010, and therefore the agreement is not determinative as to the nature of plaintiff's
28  employment during the relevant time.

Moreover, even if during the relevant period plaintiff did work as an independent contractor under terms similar to those in the agreement, plaintiff can still state a claim for a violation of the FLSA. Contractual language that labels individuals as "independent contractors" is not necessarily conclusive. Rather, "economic realities determine employment status for the remedial purposes of the FLSA." Real v. Driscoll Strawberry Associates, Inc., 603 F.2d 748, 755 (9th Cir. 1979). We look to a number of factors to determine whether a person is an employee entitled to the protection of the FLSA: (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employee's business. Id. at 754; see also Thibault v. Bellsouth Telecommunications, Inc., 612 F.3d 843, 845–46 (5th Cir. 2010) ("The contractual designation of the worker as an independent contractor is not necessarily controlling.").

Plaintiff alleges that she worked for defendants from January, 2009 until July, 2010, and was engaged to "evaluate and assess strategies to reengineer the defendants' products, processes and procedures." Complaint, ¶ 1. She states that during this period, she "was a non-exempt employee pursuant to the FLSA, who worked hours in excess of 40 hours in a week." Complaint, ¶ 28. She also alleges: (1) defendants treated her as an employee; (2) defendants regularly use independent contractors for periods over four years; (3) the use of independent contractors is the primary way defendants hire employees; (4) defendants provided plaintiff with all supplies and a workplace; (6) plaintiff performed services for over eighteen months under defendant William Dorman's direction; (7) plaintiff served as a financial and technical advisor, business analyst and project coordinator; and (8) plaintiff had no reports or managerial assignments independent of the requests of defendant Dorman. Complaint, ¶ 31, n.1.

1    We conclude that plaintiff's complaint contains sufficient factual allegations that she
2 was an employee of defendants.  She asserts allegations about the nature of the employment
3 relationship, the degree of control defendants exercised over her employment, defendants'
4 provision of a workplace, the specialized skills she used, and the duration of her employment.
5 This is enough to show that it is plausible that plaintiff was defendants' employee, and that
6 she therefore may be entitled to the remedies provided by the FLSA.

### III

8    Defendants also contend that plaintiff's Arizona Wage Act claim for unpaid wages
9 fails as a matter of law because she was an independent contractor, not an employee, as
10 required for relief.  The Act defines an employee as "any person who performs services for
11 an employer under a contract of employment either made in this state or to be performed
12 wholly or partly within this state." A.R.S. § 23-350(2).  The definition of employer includes
13 "any individual, partnership, association, joint stock company, trust, [or] corporation . . .
14 employing any person."  A.R.S. § 23-350(3).

15    Plaintiff has sufficiently alleged that she "performed services" for defendants "under
16 a contract of employment."  As explained above, plaintiff alleged that she performed services
17 for over eighteen months under defendant Dorman's direction and that she served "in the
18 capacity as a financial and technical advisor, business analyst and project coordinator."
19 Complaint, ¶ 31, n.1.  Furthermore, the parties apparently agree that plaintiff worked "under
20 a contract of employment" similar to the one attached to plaintiff's complaint.  Plaintiff
21 makes most of her allegations about the nature of her employment in Count IV, and does not
22 explicitly incorporate them as part of Count III, her claim for a violation of the Arizona Wage
23 Act.  However, "a pro se complaint, however inartfully pleaded, must be held to less
24 stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S.
25 89, 94, 127 S.Ct. 2197, 2200 (2007).  "Because Iqbal incorporated the Twombly pleading
26 standard and Twombly did not alter courts' treatment of pro se filings, we continue to
27 construe pro se filings liberally."  Hebbe v. Pliler, 611 F.3d 1202, 1205 (9th Cir. 2010).
28 Therefore, we decline to dismiss plaintiff's claim for a violation of the Arizona Wage Act

1 merely because some of the relevant factual allegations are included in a later page of her
2 complaint.

3 Defendants also contend that plaintiff cannot state a claim under the Arizona Wage
4 Act against individual defendant Dorman because he was not plaintiff's employer. Plaintiff
5 agrees. Response at 10. Accordingly, Dorman will be dismissed from the Arizona Wage Act
6 claim.

**IV**

8 Defendants argue that plaintiff has not sufficiently alleged facts supporting a claim
9 for unlawful assignment. Plaintiff alleges that between January 1, 2010 and May 31, 2010,
10 she was under no contractual obligation to assign her work product to defendants. She
11 further claims that during this time, defendants defrauded plaintiff of compensation for the
12 assignment of rights to intellectual property that defendants developed, known as "Online
13 Proctoring." Defendants point to the assignments in four patent applications that show
14 plaintiff voluntarily assigned and transferred rights to defendant Kryterion, but plaintiff
15 contends that the subject of those patents is not the intellectual property which she claims
16 was unlawfully assigned.

17 Even construing plaintiff's complaint liberally, plaintiff has not sufficiently pled a
18 factual or legal basis that could plausibly give rise to an entitlement to relief for an unlawful
19 assignment. Plaintiff alleges that by not paying her, defendants are benefitting from
20 intellectual property that plaintiff developed without compensation. Complaint, ¶ 14.
21 Beyond identifying the work as "a scalable and innovative approach to Online Proctoring,"
22 plaintiff gives no explanation about the nature of the underlying intellectual property.
23 Moreover, her claim that defendants "plotted and schemed methods and ways to defraud the
24 plaintiff of compensation for the assignment of rights" does not sufficiently explain what
25 specific actions defendants' took that plaintiff believes violated the law. Plaintiff's citation
26 to 26 U.S.C. § 261, a provision of the Internal Revenue Code on income deductions, is
27 apparently erroneous. We therefore grant defendants' motion to dismiss plaintiff's claim for
28 unlawful assignment.

# V

Plaintiff also states that she will amend her complaint to include a claim for a breach of the covenant of good faith and fair dealing. Response at 10. Because more than twenty-one days have elapsed since defendants served a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., plaintiff cannot assert this new claim as a matter of right. Fed. R. Civ. P. 15(a)(2). Plaintiff must either obtain defendants' written consent or file a motion requesting leave to amend her complaint. Id.

# VI

**IT IS ORDERED GRANTING IN PART AND DENYING IN PART** defendants' motion to dismiss (doc. 7). **IT IS ORDERED DENYING** defendants' motion to dismiss plaintiff's claims for violations of the FLSA and the Arizona Wage Act. **IT IS ORDERED GRANTING** defendants' motion to dismiss plaintiff's claim for unlawful assignment. **IT IS FURTHER ORDERED** dismissing the claim for retaliation and the claim for a violation of the Arizona Wage Act against defendant William Dorman.

DATED this 10th day of November, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge