**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Perryman, | No. CV-10-1800-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| William Dorman, et al., | |
| Defendants. | |

The court has four motions before it. First, we have plaintiff's third corrected motion for leave to file an amended complaint (doc. 39), defendants' response (doc. 46), and plaintiff's reply (docs. 50).[1] Second, we have plaintiff's motion to dismiss defendant's counterclaims (doc. 30), defendant's response (doc. 42), and plaintiff's reply (doc. 45). Third, we have defendant Drake International's motion to dismiss for lack of personal jurisdiction and improper service (doc. 36), plaintiff's response (doc. 44), and defendant's reply (doc. 51). Fourth, we have defendants' motion to quash plaintiff's subpoenas duces tecum and for a protective order (doc. 38), plaintiff's response (doc. 41), and defendants' reply (doc. 43).

This dispute arises from plaintiff's employment with defendant Kryterion Services,

---

[1] This motion followed two previously filed motions for leave to amend (docs. 20 & 26), defendants' first response (doc. 29), and plaintiff's reply (doc. 40). These motions are now moot. We consider them only to the extent that they are incorporated by subsequent filings.

1  Inc. from January, 2009 until July, 2010. We previously granted in part and denied in part
2  defendants' motion to dismiss, dismissing several claims and allowing plaintiff's claims for
3  violations of the Fair Labor Standards Act ("FLSA") and the Arizona Wage Act to proceed
4  (doc. 15).

## I

6  We first consider plaintiff's motion for leave to amend her complaint (doc. 39).
7  Plaintiff seeks to add new claims for: (1) breach of contract; (2) unjust enrichment; (3) fraud;
8  (4) libel and slander; (5) declaratory invention ownership; and (6) inequitable conduct.
9  Defendants contend these claims are futile and/or insufficient.

## A

11  In her claim for breach of contract, plaintiff alleges that she and defendant William
12  Dorman entered into an oral agreement through which plaintiff would be compensated for
13  overtime work in future quarters, because at the time defendant Kryterion had financial
14  problems. Plaintiff claims that defendants have failed to pay her in accordance with that
15  agreement for overtime hours worked from January 19, 2009 through May 31, 2010.
16  Defendants argue that plaintiff has failed to plead her claim with sufficient specificity, and
17  that her claim is barred by the Statute of Frauds and/or the applicable statute of limitations.

18  To state a claim for breach of contract, plaintiff must allege: (1) the existence of the
19  contract; (2) its breach; and (3) resulting damages. Graham v. Asbury, 112 Ariz. 184, 185,
20  540 P.2d 656, 657 (1975). While plaintiff's complaint lacks details about the specific terms
21  of the contract, we conclude that she sufficiently states a claim for breach. Plaintiff alleges
22  the existence of an oral contract for deferred overtime compensation. Third Amended
23  Complaint, ¶ 22. Plaintiff further alleges that she performed her responsibilities, and
24  defendant breached by not compensating her for the work. Id., ¶¶ 23–25. She also alleges
25  damages, in the form of withheld compensation and benefits. Id., ¶¶ 28–29.

26  The Arizona Statute of Frauds prevents plaintiff from bringing an action arising out
27  of an oral agreement which is not to be performed within one year of its making. A.R.S. §
28  44-101(5). Plaintiff has not alleged the exact date that the parties entered into the oral

1  contract, or the date by which defendants were supposed to pay her. While the statute could
2  present a problem if the parties agreed not to pay plaintiff for more than one year after they
3  entered into the contract, without more information we cannot tell if that was the case. We
4  therefore cannot yet determine that adding a breach of contract claim would be futile due to
5  the Statute of Frauds. The same is true of any statute of limitations problems. See A.R.S.
6  § 12-541(3) (one year statute of limitations for actions for breach of oral or written
7  employment contract). Because we do not know when the parties entered into the agreement,
8  or when it was allegedly breached, we cannot conclude that the claim is barred as untimely.
9  We therefore grant plaintiff leave to amend to add a claim for breach of contract.

**B**

11  Plaintiff asserts a new claim for unjust enrichment. Plaintiff claims she is the rightful
12  owner of any work she produced during the hours for which she was not compensated,
13  including intellectual property that she allegedly developed. She alleges that defendants are
14  profiting from using that intellectual property, and thereby have been unjustly enriched. "To
15  recover on a claim for unjust enrichment, a claimant must show (1) an enrichment, (2) an
16  impoverishment, (3) a connection between the two, (4) the absence of justification for the
17  enrichment and impoverishment and (5) the absence of any remedy at law." Loiselle v.
18  Cosas Management Group, LLC, 224 Ariz. 207, 210, 228 P.3d 943, 946 (Ct.App. 2010).
19  Where there is "a specific contract which governs the relationship of the parties, the doctrine
20  of unjust enrichment has no application." Brooks v. Valley Nat. Bank, 113 Ariz. 169, 174,
21  548 P.2d 1166, 1171 (1976).

22  Plaintiff alleges that two contracts governed her relationship with defendants; a
23  written Professional Services Agreement ("PSA"), which she attached to her Second
24  Amended Complaint, and an alleged oral contract. See Second Motion for Leave to Amend,
25  ex. D (doc. 26); Third Amended Complaint at 8 (doc. 39). Therefore, the remedy for any
26  wrongful enrichment that defendants' allegedly received as a result of plaintiff's employment
27  must arise out of a breach of contract claim, as the doctrine of unjust enrichment does not
28  apply. Accordingly, plaintiff's proposed amendment is futile, and we deny leave to amend

- 3 -

1 to add a claim for unjust enrichment.

**C**

3 Plaintiff next seeks to add a claim for fraud. Plaintiff must show that "the tortfeasor made a false and material representation, with knowledge of its falsity or ignorance of its truth, with intent that the hearer would act upon the representation in a reasonably contemplated manner, and that the hearer, ignorant of the falsity of the representation, rightfully relied upon the representation and was thereby damaged." Dawson v. Withycombe, 216 Ariz. 84, 96, 163 P.3d 1034, 1046 (Ct.App. 2007). Plaintiff "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

10 Plaintiff alleges that defendants made false representations to the United States Patent and Trademark Office ("USPTO"), and manipulated the value of the company by naming plaintiff as an inventor. Plaintiff also alleges that defendants have filed for a patent for technology that she invented without crediting her. Plaintiff claims defendants also committed fraud before the USPTO by separately representing that plaintiff was the inventor of concepts that she had not in fact invented.

16 Plaintiff's proposed claim for fraud is futile. First, plaintiff apparently claims that defendants fraudulently deceived the USPTO. Assuming plaintiff's allegations are true, she is not the aggrieved the party; the USPTO is. Second, even if somehow plaintiff was the proper plaintiff, she has not alleged that she rightfully relied on any falsity, nor that she was damaged. Therefore, she has not adequately plead a claim for fraud, and we deny leave to amend to include a fraud claim.

22 Additionally, plaintiff requests that four patent applications be suspended, and that her name be removed from the filings. However, we do not have jurisdiction over claims stemming from patent applications, as they do not present a justiciable case or controversy under Article III of the United States Constitution. See GAF Building Materials Corp. v. Elk Corp. of Dallas, 90 F.3d 479, 482 (Fed. Cir. 1996) (no case or controversy in "dispute over the validity and infringement of a possible future patent not then in existence."). A declaratory judgment of "invalidity" with respect to a "pending patent application would

- 4 -

1   have had no legal meaning or effect." Id. Plaintiff should assert any challenges to the
2   validity of a patent application in accordance with the agency's procedures. See 35 U.S.C.
3   § 302 ("Any person at any time may file a request for reexamination by the Office of any
4   claim of a patent on the basis of any prior art cited under the provisions of section 301 of this
5   title."); 37 C.F.R. § 1.291 (a) (describing procedure for public protests against pending patent
6   applications). In fact, plaintiff suggests she is working with the USPTO to file her
7   allegations. See Third Amended Complaint, ¶ 16. We therefore deny plaintiff leave to
8   amend her complaint to request that any patent application be suspended, or her name
9   removed from any application.

**D**

11   Next, plaintiff asserts claims for libel and slander. Plaintiff alleges that Eric Walton,
12   a manager at defendant Kryterion, attacked plaintiff by making false and disparaging
13   statements about her to vendors, consultants and employees. Plaintiff further alleges that
14   defendant William Dorman, CEO of Kryterion, was aware of Mr. Walton's actions, and did
15   nothing to stop them. Plaintiff claims that the libel and slander were part of a scheme of
16   defendant Dorman's to mitigate the impact of plaintiff's findings about security problems at
17   defendants' business, and that the attack on plaintiff was an attempt to cover up defendants'
18   own deficiencies.

19   To state a claim for defamation, plaintiff must allege: (a) a false and defamatory
20   statement concerning another; (b) an unprivileged publication to a third party; (c) fault
21   amounting at least to negligence on the part of the publisher; and (d) either presumed or
22   actual special harm caused by the publication. See Restatement (Second) of Torts § 558
23   (1977); Boswell v. Phoenix Newspapers, Inc., 152 Ariz. 1, 3, 730 P.2d 178, 180 n.1 (Ct.App.
24   1985) (citing Restatement (Second) of Torts § 558). A publication which impeaches the
25   honesty, integrity, or reputation of a person is libelous per se, and plaintiff need not plead
26   special damages. Peagler v. Phoenix Newspapers, Inc., 114 Ariz. 309, 316, 560 P.2d 1216,
27   1223 (1977).

28   Plaintiff's generalized accusations about a "personal attack" and "false disparaging

- 5 -

1 statements" are insufficient to state a claim for defamation. Plaintiff does not a cite a single 2 specific defamatory statement, nor a particular instance of publication. Plaintiff's proposed 3 claim for libel and slander does not contain "well-pleaded factual allegations," which 4 "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 5 1937, 1950 (2009). Plaintiff has not stated a claim for libel or slander, and so we deny leave 6 to amend to include it.

**E**

8      Plaintiff next seeks to add a claim for "declaratory invention ownership." Plaintiff 9 alleges that defendants directed plaintiff develop intellectual property during uncompensated 10 hours from January to May, 2010, and planned to not compensate her for the developments. 11 She further alleges that during this period she was under no contractual obligation to assign 12 the intellectual property to defendant. Plaintiff claims that she developed a "scalable and 13 innovative approach to online proctoring (known as 'OLP')," and that defendants schemed 14 to deny her compensation for the assignment of rights to that development. Third Amended 15 Complaint, ¶ 51. She further alleges that defendants knowingly and willfully failed to name 16 her as the rightful inventor, and their deceptive practices were in violation of 35 U.S.C. § 17 261. Plaintiff alleges that she has since filed a provisional patent, and that defendant's filing 18 with the USPTO violates 35 U.S.C. 102(f). Plaintiff seeks damages stemming from 19 defendants' failure to state the rightful inventor, and a grant of declaratory ownership.

20      Because we cannot discern the basis of plaintiff's proposed claim for declaratory 21 invention ownership, we deny leave to amend to include it.[2] The first statutory provision that 22 plaintiff cites, 35 U.S.C. § 261, governs the assignment of patent and patent applications. 23 However, plaintiff does not allege that any assignment has occurred, so it is unclear how

---

[2] Although plaintiff does not mention the Declaratory Judgment Act, it is possible that plaintiff seeks a declaration of ownership of the disputed IP, just as defendants do. See Counterclaims at 13 (doc. 28). If this were the case, we would deny leave to amend to add this claim for the same reasons we dismiss defendants' Declaratory Judgment counterclaim. See Section II, D, infra.

- 6 -

1  defendants could have violated the statute. Second, plaintiff alleges defendants violated 35
2  U.S.C. § 102(f), which prevents a person who did not invent the subject matter sought to be
3  patented from receiving a patent. Again, if plaintiff believes defendants' patent application
4  contains false information, plaintiff should notify the USPTO, in accordance with the
5  agency's policies and procedures. We do not have jurisdiction to intervene in the patent
6  application process.

**F**

8  Next, plaintiff seeks to add a claim for inequitable conduct. Plaintiff alleges that
9  defendants omitted plaintiff, the true inventor, from the patent applications, "in a pattern of
10 false statements and misrepresentations as to inventorship." Third Amended Complaint, ¶
11 56. Plaintiff claims that defendants' affirmative misrepresentation, failure to disclose
12 material information, and submission of false information, with an intent to deceive,
13 constitute inequitable conduct.

14 We do not know of a cause of action for "inequitable conduct." Inequitable conduct
15 is normally a defense to a claim of patent infringement, not a claim upon which relief can be
16 granted. See Lazare Kaplan Int'l, Inc. v. Photoscribe Technologies, Inc., __ F.3d ___, ___,
17 2010 WL 5176746, *15 (Fed. Cir. 2010). We therefore deny plaintiff leave to amend to add
18 this claim.

**G**

20 Finally, defendants contend that in her Third Amended Complaint, plaintiff does not
21 include her claims for Denial of Overtime Wages and Unpaid Wages, and that those claims
22 should be dismissed. Response at 7 (doc. 46). Defendants are correct that the proposed
23 amended complaint as it appeared on the court's CMECF system omitted pages 13 and 14,
24 although the copy that plaintiff lodged with the court contains those two pages. That error
25 has been corrected. See Motion to Amend (doc. 39). We note that the copy plaintiff
26 included with her reply for her Motion to Amend does contain all pages (doc. 50).
27 Accordingly, plaintiff has not abandoned her claims for violations of the Arizona Wage Act
28 and the FLSA, and we do not dismiss them.

1   In sum, we grant plaintiff leave to amend to add a claim for breach of contract. Due
2   to futility, we deny plaintiff leave to amend to include claims for unjust enrichment, fraud,
3   libel and slander, declaratory invention ownership, and inequitable conduct.

**II**

5   Plaintiff moves to dismiss defendants' counterclaims (doc. 30). She seeks to dismiss:
6   (1) her husband Gary Perryman as a counter-defendant; (2) defendants' breach of contract
7   claim; (3) defendants' misappropriation of trade secrets claim; and (4) defendants'
8   declaratory judgment claim.

**A**

10  Defendants allege that Gary Perryman is plaintiff Laura Perryman's husband, and that
11  plaintiff Perryman's actions were done for and on behalf of the marital community.
12  Counterclaims, ¶ 2 (doc. 28). Plaintiff claims Gary Perryman should be dismissed because
13  defendants have failed to state a claim against him, as he was not employed by defendants
14  or party to any contract with them. Motion to Dismiss Counterclaims at 6. Defendants claim
15  that Gary Perryman is a proper party, pursuant to A.R.S. § 25-215(D), which requires that
16  for actions on debts or obligations contracted for the benefit of the community, both spouses
17  shall be jointly sued.

18  We deny plaintiff's motion to dismiss Gary Perryman.[3] Plaintiff's husband is a proper
19  party to this action because if plaintiff is found liable for any of defendants' counterclaims,
20  the community may be obligated to satisfy the resulting judgment. Community property may
21  be liable for an intentional tort committed by one spouse for the benefit of the community,
22  "where the intent and purpose of the activity leading to the commission of the tort was to

---

[3] We note that counter-defendant Gary Perryman did not sign plaintiff Laura Perryman's motion to dismiss Gary Perryman. See Motion to Dismiss Counterclaims at 15. Laura Perryman is not a lawyer, and therefore cannot represent her husband. Accordingly, Gary Perryman should have signed the motion to dismiss him. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented."). However, because we deny the motion, it is not necessary to remedy the procedural defect.

- 8 -

1  benefit the community interests." Garrett v. Shannon, 13 Ariz.App. 332, 333, 476 P.2d 538,
2  539 (Ct.App. 1970) (citing Rodgers v. Bryan, 82 Ariz. 143, 309 P.2d 773 (1957)). "Benefit
3  to the community need not be the primary object or intention. All that is required is that
4  some benefit was intended for the community." Cadwell v. Cadwell, 126 Ariz. 460, 463, 616
5  P.2d 920, 923 (Ct.App. 1980). However, in order for defendants to obtain judgment from
6  the community, the spouses must be sued jointly. A.R.S. § 25-215(D). Therefore,
7  defendants must join Gary Perryman in order to hold the community liable, in case plaintiff
8  is found to have incurred obligations for the benefit of the community.

**B**

10  Plaintiff next moves to dismiss defendants' counterclaim for breach of contract.
11  Defendants maintain that plaintiff violated the PSA by: (1) attaching to her Response to
12  Defendants' Motion to Dismiss a PowerPoint describing Kryterion's Online Proctoring
13  Service platform, the Concept Document, and a draft of the patent application corresponding
14  to the Inventive Concept and the Concept Document; (2) taking defendant Kryterion's
15  confidential and proprietary information after terminating her work with defendant, and using
16  the information to compete with Kryterion; and (3) using the information for her own benefit.
17  See Counterclaims, ¶¶ 24–25; Response to Motion to Dismiss, ex. A (doc. 9) (sealed).
18  Defendants allege that as a result of plaintiff's breach of the PSA, Kryterion "has sustained
19  and will continue to sustain damages in an amount to be proven at the time of trial."
20  Counterclaims, ¶ 33. As explained above, to state a claim for breach of contract, defendants
21  must allege: (1) the existence of the contract; (2) its breach; and (3) resulting damages.
22  Graham, 112 Ariz. at 185, 540 P.2d at 657.

23  The PSA prohibits plaintiff's disclosure of defendant Kryterion's proprietary and
24  confidential information to any person not employed by Kryterion, requires plaintiff to return
25  or destroy such information within thirty days of the termination of the PSA, and requires
26  plaintiff to maintain the confidentiality of such information. Second Motion for Leave to
27  Amend, ex. D at 20 (doc. 26). The term of the PSA is June 1, 2010 through September 30,
28  2010, but the agreement states that plaintiff is bound by its confidentiality provisions after

1   its termination. Id. at 19, 21.

2   Defendants have sufficiently alleged breach of contract. First, defendants have clearly alleged the existence of a contract. Plaintiff and defendant Kryterion were both party to the PSA, which plaintiff attached to her complaint. Plaintiff argues that no contract existed prior to the execution of the PSA, but the conduct that defendants allege was in breach of the PSA occurred after the parties had entered the agreement. Second, defendants have sufficiently alleged that plaintiff breached the PSA. As of October 5, 2010 (the date plaintiff filed her Response to Defendants' Motion to Dismiss), plaintiff possessed copies of a PowerPoint about the online proctoring system, the "concept document," and a draft of the patent application. This alone makes it plausible that she breached the confidentiality provisions of the PSA. Additionally, our grant of defendants' motion to seal the documents is not relevant to the propriety of plaintiff's possession of them, nor does it foreclose the possibility that she otherwise shared confidential information. Third, defendants have sufficiently alleged possible damages by claiming that the confidential information has independent economic value because it not generally known nor readily ascertainable by proper means by those who can obtain value from its use. Counterclaims, ¶ 37.

17  Defendants have stated a counterclaim for breach of contract. We therefore deny plaintiff's motion to dismiss the claim.[4]

**C**

20  Plaintiff also moves to dismiss defendants' counterclaim for misappropriation of confidential and proprietary information. A claim for misappropriation of trade secrets involves: (1) acquisition; (2) of a trade secret of another; (3) by a person who knows or has reason to know that the trade secret was acquired by improper means. A.R.S. § 44-401(2). A secret is "a formula, pattern, compilation, program, device, method, technique or process"

---

[4] Plaintiff also argues we should dismiss defendants' breach of contract claim because defendants have not shown a likelihood of success on the merits. Motion to Dismiss Counterclaims at 9 (doc. 30). However, defendants are not required to make such a showing to survive a motion to dismiss.

that both (a) derives independent economic value from not being generally known or readily ascertainable by proper means by persons who can obtain economic value from its disclosure or use, and (b) is the subject of reasonable efforts to maintain its secrecy. A.R.S. § 44-401(4).

Defendants have not stated a claim for misappropriation because they have not sufficiently alleged the existence of a trade secret. While defendants do allege that the attached PowerPoint about the Online Proctoring Service platform, the Concept Document, and the draft of the patent application all contain confidential and proprietary information, they do not explain the nature of the trade secrets they allegedly contain. See Counterclaims, ¶ 36. It is not enough to point to documents marked as confidential, and allege that the information they contain "has independent economic value because it is not generally known to, and not readily ascertainable by proper means, by other persons who can obtain economic value from their use. Kryterion has made, and continues to make, reasonable efforts to maintain the secrecy of these items." Counterclaims, ¶ 37. Defendants fail to specify what information is not generally known to the public, or to state the kinds of efforts they made to protect the secrecy of the information they contain. A pleading that offers "a formulaic recitation of the elements of a cause of action will not do." Iqbal, __ U.S. at __, 129 S.Ct. at 1949. We therefore grant plaintiff's motion to dismiss defendants' counterclaim for misappropriation.[5]

**D**

Finally, we consider defendants' declaratory judgment claim.[6] Defendants seek a

---

[5] Because we grant plaintiff's motion, we need not address her arguments that defendants have not suffered irreparable harm or have an inadequate remedy at law. See Motion to Dismiss Counterclaims at 8. We also do not address her argument that defendants' claim for unfair competition should be dismissed, as defendants have not asserted such a claim.

[6] Plaintiff does not separately move to dismiss the declaratory judgment counterclaim, although she does seek to dismiss all of defendants' counterclaims. See Motion to Dismiss Counterclaims at 12. Nonetheless, we have an independent obligation to determine that parties have standing to bring their claims before proceeding to the merits. See Ex parte McCardle, 7 Wall. 506, 514, 19 L.Ed. 264 (1868).

1 declaration that Kryterion is the true and rightful owner of legal title to the "disputed IP," as
2 well as documents or patents or patent applications based on or derived from any of the IP,
3 including the Concept Document. Counterclaims, ¶ 50. Under the Declaratory Judgment
4 Act, 28 U.S.C. § 2201, we only consider a claim if "the facts alleged, under all the
5 circumstances, show that there is a substantial controversy, between parties having adverse
6 legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory
7 judgment." MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127, 127 S.Ct. 764, 771
8 (2007). See also Scott v. Pasadena Unified School Dist., 306 F.3d 646, 658 (9th Cir. 2002).
9 "Where a dispute hangs on future contingencies that may or may not occur, it may be too
10 impermissibly speculative to present a justiciable controversy." In re Coleman, 560 F.3d
11 1000, 1005 (9th Cir. 2009) (internal citations omitted).

12 We dismiss defendants' declaratory judgment claim because defendants have not
13 shown the requisite reality and immediacy. Defendants have sufficiently alleged facts to
14 support its claim that plaintiff assigned her rights to the IP through either the assignment
15 clause of the PSA or an implied in fact contract. Counterclaims, ¶ 51–52. However,
16 defendants have not alleged how the disagreement about the ownership of the IP presents an
17 immediate and real case and controversy. Patent applications are currently pending before
18 the USPTO, and the agency will eventually make determinations about the ownership of the
19 underlying IP. In the meantime, defendants make no allegations as to how plaintiff might
20 be jeopardizing that process, or otherwise interfering with their use of the IP. In the absence
21 of a threat of any real and immediate harm to defendants, there is no reason for us to rule on
22 the ownership of the IP, an issue currently before the USPTO. Because defendants have not
23 met their burden of presenting an actual case or controversy, we dismiss their counterclaim
24 brought under the Declaratory Judgment Act.

25 We grant plaintiff's motion to dismiss defendants' counterclaims for misappropriation
26 and their claim under the Declaratory Judgment Act, and deny her motion as to counter-
27 defendant Gary Perryman and defendants' counterclaim for breach of contract (doc. 30).
28

**III**

Third, defendant Drake International, Inc. moves to be dismissed for lack of personal jurisdiction (doc. 36). Drake International claims we lack jurisdiction because the company does not have sufficient contacts with Arizona, and that plaintiff's Second Amended Complaint was not properly served on defendant. See Fed. R. Civ. P. 12(b)(2) & (3). Defendant alleges that as a Canadian corporation that does business in Canada, it has not established minimum contacts in Arizona. To withstand a motion to dismiss, plaintiff must make a prima facie showing of jurisdictional facts, and we resolve all disputed facts in plaintiff's favor. Brayton Purcell, LLP v. Recordon & Recordon, 606 F.3d 1124, 1127 (9th Cir. 2010). To satisfy due process, a nonresident defendant must have at least minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. Boschetto v. Hansing, 539 F.3d 1011, 1015–16 (9th Cir. 2008) (citing International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945)).

In her complaint, plaintiff alleges that "defendants" operate in Maricopa County, Arizona. Third Amended Complaint, ¶ 1. However, she does not explain if Drake International operates in Arizona, or if only Drake Kryterion, Inc. does (which defendants agree is subject to jurisdiction here). Plaintiff alleges that Drake International is a Delaware corporation, with its principal place of business in California. See Second Amended Complaint, ex. A (doc. 26). She also alleges that Drake International is the parent company of defendant Kryterion, Inc., that it funds Kryterion by transferring funds to the company weekly, that Kryterion is a shell firm with no assets, and that "Drake and Kryterion are in fact for the purposes of this case - the same entity." Third Amended Complaint, ¶ 7. In her response to defendant's motion to dismiss, plaintiff does not address defendant's jurisdiction claim. See Response to Motion to Dismiss (doc. 44).

Defendants concede that Kryterion is subject to jurisdiction in Arizona, and plaintiff makes no allegations about Drake International's contacts here beyond its role as the parent company of Kryterion. Therefore, the issue is whether Drake International is amenable to

jurisdiction here solely as a result of its relationship with its subsidiary, i.e., should we disregard the corporate form and impute Kryterion's jurisdictional contacts onto Drake International?

We disregard the corporate form only if the subsidiary is the parent's alter ego or the parent's agent. Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1134 (9th Cir. 2003). To show that Kryterion is the alter ego of Drake International, plaintiff must make a prima facie case, "(1) that there is such unity of interest and ownership that the separate personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." Id. "To satisfy the agency test, plaintiff must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent would undertake to perform substantially similar services." Id. at 1135. The parent's ownership of the stock of the subsidiary does not, without more, convert the subsidiary into a general agent for the parent for jurisdictional purposes. Doe v. Unocal Corp, 248 F.3d 915, 930 (9th Cir. 2001).

Plaintiff has not made a prima facie showing that Kryterion is either the alter ego or agent of Drake International. Plaintiff's conclusory allegations that Drake International funds Kryterion and that they are the same entity are not sufficient. Plaintiff does not specify how the interests of the companies are unified, or why fraud or injustice would result from respecting their separate entity status. She also does not allege that Kryterion performed any services for Drake International, making it Drake's agent. Because plaintiff has not shown that Kryterion is either the alter ego or agent of Drake International, she has not met her burden of establishing that the exercise of jurisdiction over Drake International is consistent with due process. We grant defendant's motion to dismiss party Drake International, Inc. (doc. 36).[7]

---

[7] Because we dismiss defendant Drake International, we need not determine whether service of process on the company was deficient.

- 14 -

**IV**

Defendants move to quash two subpoenas duces tecum that plaintiff served on two customers of defendants (doc. 38). Defendants also move for a protective order requiring plaintiff to "comply with all procedural requirements applicable to the service of subpoenas upon third parties," and "to limit her discovery to seek only that information or documents relevant to claims allowed by the Court to proceed . . . and to exclude any and all requests for confidential and proprietary information or documents of Defendants." Proposed Order at 1 (doc. 38-2). Plaintiff has since withdrawn the subpoenas. Response at 1 (doc. 41). Therefore, the motion is moot as to these subpoenas. We also deny defendants' request to quash any "other identical subpoenas duces tecum, of which Defendants are not aware." Motion to Quash and for Protective Order at 1 n.1 (doc. 38). We will not issue an order regarding subpoenas that may or may not exist. Moreover, we expect that the parties will attempt to resolve any future discovery difficulties themselves. See Rule 16 Order at 3 (doc. 3).

We also deny the motion for a protective order as defendants have not shown that there is good cause to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The burden is on defendants to show good cause "by demonstrating harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063 (9th Cir. 2004).

Defendants explain that such an order is necessary to: (1) prevent plaintiff from interfering with defendants' customer relationships; (2) restrict plaintiff from conducting irrelevant and overly broad discovery; and (3) prevent the disclosure of defendants' confidential and proprietary information. Motion to Quash and for Protective Order at 3. Plaintiff has stated her willingness to comply with discovery rules, and to keep all discovery confidential. Response at 2 (doc. 41). Defendants have not explained why such an agreement is insufficient. They also do not explain the specific prejudice or harm that would result from the disclosure of specific documents they wish to protect. See Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003). Therefore, defendants have not

- 15 -

1  shown good cause for their proposed protective order.

2  We deny defendants' motion to quash and for a protective order (doc. 38).

3  **V**

4  **IT IS ORDERED GRANTING IN PART AND DENYING IN PART** plaintiff's
5  motion for leave to amend (doc. 39). **IT IS ORDERED GRANTING** plaintiff leave to
6  amend to add a claim for breach of contract. **IT IS ORDERED DENYING** plaintiff leave
7  to amend to add claims for unjust enrichment, fraud, libel and slander, declaratory invention
8  ownership, and inequitable conduct. In accordance with LRCiv 15.1, plaintiff shall file and
9  serve an amended complaint that contains only the claims we have allowed to proceed.

10  **IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART**
11  plaintiff's motion to dismiss defendants' counterclaims (doc. 30). **IT IS ORDERED**
12  **GRANTING** plaintiff's motion to dismiss defendants' counterclaims for misappropriation
13  and their claim under the Declaratory Judgment Act. **IT IS ORDERED DENYING**
14  plaintiff's motion as to counter-defendant Gary Perryman and defendants' counterclaim for
15  breach of contract.

16  **IT IS FURTHER ORDERED GRANTING** defendants' motion to dismiss
17  defendant Drake International (doc. 36).

18  **IT IS FURTHER ORDERED DENYING** defendants' motion to quash and for a
19  protective order (doc. 38).

20  We again urge plaintiff to seek the advice of a lawyer. Her lack of legal knowledge
21  has made this case far more complex than it need be.

22  DATED this 2nd day of February, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 16 -